**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| TERRY LENNETTE GRANT, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| PETER WOLF & ASSOCIATES PC; ) | |
| PETER WOLF; WOLF & MOGIL LLC; ) | |
| CAROL A. RUSSELL; GREENPOINT ) | |
| MORTGAGE FUNDING, INC.; ) | |
| CAPITAL ONE FINANCING CORP.; ) | |
| MERSCORP HOLDINGS, INC.; ) | |
| MORTGAGE ELECTRONIC ) | No. 9:22-cv-04262-DCN |
| REGISTRATION SYSTEMS, INC.; ) | |
| DEUTSCHE BANK NATIONAL TRUST ) | **ORDER** |
| CO.; DEUTSCHE BANK HOLDING INC.; ) | |
| DEUTSCHE BANK TRUST CORP.; ) | |
| DEUTSCHE BANK AG; NOVASTAR ) | |
| MORTGAGE INC.; ANGELINE ) | |
| PANACIULLI; ALICIA MASSARO; ) | |
| NOVASTAR MORTGAGE FUNDING ) | |
| TRUST SERIES 2006-5; NOVASTAR ) | |
| HOME EQUITY LOAN ASSET-BACKED ) | |
| CERTIFICATE, SERES 2006-5; FINKEL ) | |
| LAW FIRM, LLC; MAGGIE A. ARCURE; ) | |
| JEAN JENSEN; ANDREW M. WILSON; ) | |
| JOANNE A. TOMASINI MUNIZ; ) | |
| ELIZABETH S. MOORE; TERESA D. ) | |
| VAN VLAKKE; SUSAN S. WHITE; ) | |
| BEVERLY J. FINKEL; JOSEPH T. ) | |
| MERLI; THOMAS A. SHOOK; ANA ) | |
| SILVA; DOMINIQUE F. BIGGERS; ) | |
| KARA DE YOUNG; KATHERINE ) | |
| KLAIBER; LAUREN LUVIANO; ) | |
| CALLISON, TIGHE & ROBINSON, LLC; ) | |
| DEMETRI KOUTRAKOS; KATHLEEN ) | |
| S. ROMERO; BROCK & SCOTT, PLLC; ) | |
| CHAD WILSON BURGESS; WESLEY ) | |
| D. DIAL; BROOK DANGERFIELD; ) | |
| CAROLINE RICHARDSON GLENN; ) | |
| GENEVIEVE SPEESE JOHNSON; MARY ) | |
| R. POWERS; WILLIAM PRICE STORK; ) | |

1

| | |
|---|---|
| KENNETH GREGORY WOOTEN, III; LAUREN BROWDER; KRISTEN E. WASHBURN; ILINA TCHAKOVA; SLOAN LAW FIRM, PA; WILLIAM H. SLOAN; GARY KUBIK[1]; DALE L. BUTTS; DONALD S. COOK; COOK LAND SURVEYING; and FIDELITY NATIONAL TITLE INSURANCE CO., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

This matter is before the court on Magistrate Judge Kaymani D. West's report and recommendation ("R&R"), ECF No. 93, on resolution of eleven motions to dismiss. Namely, the R&R recommended that the court abstain from exercising jurisdiction in this case and dismiss this action in its entirety or alternatively: (1) grant defendant Donald S. Cook and Cook Land Surveying's (the "Cook Defendants") motion to dismiss, ECF No. 21; (2) grant the Finkel Defendants'[2] motion to dismiss, ECF No. 25; (3) grant the Sloan Law Firm Defendants'[3] motion to dismiss, ECF No. 28; (4) grant the MERS Defendants and Deutsche Bank Defendants'[4] motion to dismiss, ECF No. 31; (5) deny defendants

---

[1] Grant identifies Gary Kubic as "Gary Kubik." However, in his filings before the court, Gary identifies himself as Gary Kubic, see ECF No. 34. As such, the court refers to him as "Kubic."

[2] This motion to dismiss was filed by Maggie A. Arcure, Dominique F. Biggers, Kara De Young, Finkel Law Firm, LLC, Beverly J. Finkel, Jean Jensen, Katherine Klaiber, Lauren Luviano, Joseph T. Merli, Elizabeth S. Moore, Thomas A. Shook, Ana Silva, Joanne A. Tomasini Muniz, Teresa D. Van Vlakke, Susan S. White, and Andrew M. Wilson (collectively, the "Finkel Defendants"). ECF No. 25.

[3] This motion to dismiss was filed by Sloan Law Firm, PA, and William H. Sloan (together, the "Sloan Law Firm Defendants"). ECF No. 28.

[4] This motion to dismiss was filed by Deutsche Bank AG, Deutsche Bank Holding, Inc., Deutsche Bank National Trust Company, and Deutsche Banke Trust Corporation (collectively, the "Deutsche Bank Defendants") and by MERSCORP HOLDINGS, INC., and Mortgage Electronic Registration Systems, Inc. (together, the "MERS Defendants"). ECF No. 31. The Deutsche Bank Defendants further state that Grant improperly named Deutsche Bank National Trust Company, Deutsche Bank Holding, Inc., Deutsche Bank Trust Corporation, and Deutsche Bank AG as named

Gary Kubic ("Kubic"), Dale L. Butts ("Butts"), and Marvin H. Dukes, III's ("Judge Dukes") motion to dismiss as moot, ECF No. 33; (6) grant Kubic's motion to dismiss, ECF No. 34; (7) deny Judge Dukes's motion to dismiss as moot, ECF No. 35; (8) grant defendant Butts's motion to dismiss, ECF No. 36; (9) grant the Brock & Scott Defendants'[5] motion to dismiss, ECF No. 37; (10) grant the Callison Tighe Defendants'[6] motion to dismiss, ECF No. 43; and (11) grant defendant Fidelity National Title Insurance Company's ("Fidelity") motion to dismiss, ECF No. 47.  Further, the Callison Tighe Defendants and the Finkel Defendants seek sanctions pursuant to 28 U.S.C. § 1927, and the Finkel Defendants request the court enjoin plaintiff Terry Lennett Grant ("Grant") from bringing further suit against them.  ECF Nos. 25 at 2; 25-1 at 14–15; 43 at 14.  The magistrate judge left the decision whether to award sanctions to the sound discretion of the district judge.  R&R at 29.  For the reasons set forth below, the court adopts the R&R, abstains from exercising jurisdiction, and dismisses the action with prejudice.[7]

---

defendants, and the proper defendant is Deutsche Bank National Trust Company as Trustee for Novastar Mortgage Funding Trust, Series 2006-5 Novastar Home Equity Loan Asset-Backed Certificates, Series 2006-5.  ECF No. 31, at 2.  In any event, the court refers to that grouping of entities as the Deutsche Bank Defendants.

[5] This motion to dismiss was filed by Brock & Scott, PLLC, Lauren Browder, Chad Wilson Burgess, Brook Dangerfield, Wesley D. Dial, Caroline Richardson Glenn, Genevieve Speese Johnson, Mary R. Powers, William Price Stork, Ilina Tchakova, Kristen E. Washbum, and Kenneth Gregory Wooten, III (collectively, the "Brock & Scott Defendants").  ECF No. 37.

[6] This motion to dismiss was filed by Callison, Tighe & Robinson, LLC, Demetri Koutrakos, and Kathleen S. Romero (collectively, the "Callison Tighe Defendants"). ECF No. 43.

[7] In essence, had the court not abstained but instead opted to grant the motions to dismiss, the only remaining defendants to this action would include: Peter Wolf & Associates PC; Peter Wolf; Wolf & Mogil LLC; Carol A. Russell; Greenpoint Mortgage Funding, Inc.; Capital One Financing Corp.; Novastar Mortgage Inc.; Angeline Panaciulli, proceeding pro se; Alicia Massaro; Novastar Mortgage Funding Trust Series

3

## I. BACKGROUND

The R&R ably recites the facts of the case, and the parties do not object to the R&R's recitation thereof. Therefore, the court will only briefly summarize material facts as they appear in the R&R for the purpose of aiding an understanding of the court's legal analysis.[8]

Plaintiff Grant, proceeding pro se, initiated the instant lawsuit, pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1961, alleging that a host of defendants engaged in a conspiracy and violated several federal and state laws in conjunction with an ongoing foreclosure dispute in Beaufort County, South Carolina. It is clear from the complaint that she, and many of the defendants, have been involved in a contentious foreclosure action that has been heavily litigated in state court since December 2009, and the court finds it material to summarize the state actions before considering the instant claims.

The dispute began on or around December 1, 2009, when defendant Deutsche Bank National Trust Company ("Deutsche Bank") filed the first of several state actions seeking foreclosure on certain real property located at 226 Wildhorse Road, Hilton Head, South Carolina (the "Property"). See Case No. 2009-CP-07-05612 (Beaufort Cnty. Ct. C.P. 2009). According to Deutsche Bank, Grant had executed an Adjustable Rate Note for $680,000 (the "Note") and a mortgage covering the Property (the "Mortgage") to secure repayment of the same on September 18, 2006. As the purported lienholder,

---

2006-5; and Novastar Home Equity Loan Asset-Backed Certificate, Series 2006-5. The court refers to all named defendants collectively, including those who bring motions to dismiss, as the "defendants."

[8] The court dispenses with citations throughout and notes that unless the court states otherwise or cites to another source, the facts are gleaned from the complaint, ECF No. 1, and the R&R.

4

Deutsche Bank brought the first state court action on December 1, 2008, on the grounds that Grant's monthly payments had been in default since January 1, 2008. Grant, however, maintained that she did not execute or finalize the closing documents for the mortgage such that the closing process was never completed and there was no mortgage on the Property. The first state court action was dismissed pursuant to Rule 41(a)(1) of the South Carolina Rules of Civil Procedure.

Thereafter, Deutsche Bank filed a second foreclosure action. See Case No. 2010-CP-07-01690 (Beaufort Cnty. Ct. C.P. 2010). On May 28, 2014, Deutsche Bank obtained a Final Judgment of Foreclosure and Sale; however, Deutsche Bank later moved to vacate the judgment and dismiss the action without prejudice. On April 6, 2021, in the third state foreclosure action, Deutsche Bank again received a Final Judgment of Foreclosure and Sale, but the parties filed a Consent Order to Vacate Judgment. See Case. No. 2016-CP-07-01466 (Beaufort Cnty. Ct. C.P. 2016) (the "Pending State Foreclosure Action"). Deutsche Bank then filed a motion for summary judgment in the Pending State Foreclosure Action on September 7, 2022, while Grant filed her own motion for summary judgment on October 21, 2022. Id. Grant thereafter filed the instant suit in federal court on November 28, 2022. ECF No. 1, Compl.

On June 28, 2023, the Master in Equity issued an order in the Pending State Foreclosure Action granting Deutsche Bank's motion for summary judgment which provided for a foreclosure sale. See Case. No. 2016-CP-07-01466 (Beaufort Cnty. Ct. C.P.). Grant then filed a motion for reconsideration in the Pending State Foreclosure Action on July 7, 2023. Id. On September 1, 2023, the Court of Common Pleas filed an order denying Grant's motion for reconsideration. Id. On September 5, 2023, Grant

5

appealed the decision to the South Carolina Court of Appeals, and the appeal remains pending. Id.

In the instant action, Grant contends that since she never completed the closing, there is no valid Mortgage on the Property, and that the documents in question have been forged as she did not sign them. Compl. ¶ 20. Grant further alleges that the legal description of the Property was incorrect and that Judge Dukes "allowed" reformation of the legal description. Id.

On November 28, 2022, Grant filed the complaint in federal court against the defendants alleging approximately ten causes of action.[9] ECF No. 1, Compl. ¶¶ 49–115. On December 22, 2022, Magistrate Judge Mary Gordon Baker issued a report and recommendation that the court dismiss Judge Dukes as a defendant, ECF No. 12, which this court adopted in full on February 9, 2023, ECF No. 51. Pursuant to 28 U.S.C. § 636 and Local Civ. Rule 73.02(B)(2)(a) (D.S.C.), the action was thereafter referred to Magistrate Judge West for pretrial proceedings.[10] The court will describe the eleven motions to dismiss addressed by the R&R, highlighting the docket numbers for each

---

[9] Namely, Grant brings claims for: (1) civil Racketeer Influenced and Corrupt Organizations Act ("RICO") based in wire fraud, mail fraud, mortgage fraud, and misrepresentation in violation of 18 U.S.C. § 1961; (2) legal malpractice; (3) conspiracy; (4) fraud and misrepresentation; (5) unfair trade practices in violation of 15 U.S.C. § 45; (6) unfair trade practices in violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1635, 1692; (7) intentional infliction of emotional distress; (8) violation of the Truth in Lending Act ("TILA"); (9) violation of the Real Estate Settlement Procedure Act ("RESPA"); and (10) violation of 18 U.S.C. §§ 242, 245. Compl. ¶¶ 49–115. Grant only alleges up to Count VIII, but a breakdown of her claims indicates she brings around ten causes of action notwithstanding the labels. See id.

[10] Initially the case was assigned to Magistrate Judge Mary Gordon Baker but thereafter was reassigned to Magistrate Judge West on January 26, 2023. See ECF No. 40.

filing, response in opposition, and reply.[11] Additionally, the court will summarize the general grounds for which the moving defendants were named as defendants in the instant action.

(1) On January 20, 2023, the Cook Defendants filed a motion to dismiss for failure to state a claim. ECF No. 21. Grant responded in opposition to the Cook Defendants' motion on March 2, 2023, ECF No. 80, to which the Cook Defendants replied on June 12, 2023. The Cook Defendants are alleged to have conducted an "illegal survey" on Grant's Property.

(2) On January 23, 2023, the Finkel Defendants filed their motion to dismiss for failure to state a claim. ECF No. 25. Grant responded in opposition to the Finkel Defendants on April 3, 2023, ECF No. 58, and the Finkel Defendants replied on April 21, 2023, ECF No. 72. The Finkel Defendants are engaged in the practice of law and represented defendant Deutsche Bank in filing the initial state foreclosure action on December 1, 2009.

(3) On January 24, 2023, the Sloan Law Firm Defendants filed their motion to dismiss, ECF No. 28. Grant responded in opposition on May 22, 2023, ECF No. 75, to which the Sloan Law Firm Defendants replied on May 30, 2023, ECF No. 90. The Sloan Law Firm Defendants are engaged in the practice of law and represented Grant in the underlying state foreclosure proceedings on or around September 2016, but were relieved as her counsel on May 22, 2018.

(4) On January 25, 2023, the MERS Defendants and the Deutsche Bank Defendants filed their motion to dismiss, ECF No. 31, to which Grant filed a response in opposition on April 7, 2023, ECF No. 59, and the MERS Defendants and the Deutsche Bank Defendants replied on April 10, 2023, ECF No. 64. Grant alleges that the MERS Defendants identified as the "mortgagee" of the mortgage in question which acts as nominee for the lender involved in the transaction. Grant also alleges that the Deutsche Bank Defendants are the purported lienholders in the underlying foreclosure dispute.

(5) Butts, Kubic, and Judge Dukes filed their combined motion to dismiss, ECF No. 33, though Kubic, Judge Dukes, and Butts also individually filed motions to dismiss for failure to state a claim as well, ECF Nos. 34 (Kubic); 35 (Judge Dukes); 36 (Butts). Grant responded in opposition to Butts's individual motion to dismiss on May 22, 2023, ECF No. 74,

---

[11] On September 20, 2023, about two months after the R&R was issued, Capital One Financial Corporation and Greenpoint Mortgage Funding filed a motion to dismiss for failure to state a claim and for filing an impermissible shotgun pleading. ECF No. 106.

  to which Butts replied on May 25, 2023, ECF No. 82. Grant responded in opposition to Kubic's individual motion to dismiss on May 22, 2023, ECF No. 77, and Kubic replied on May 25, 2023, ECF No. 83. Perplexingly, Grant also responded in opposition to Judge Dukes's individual motion to dismiss on May 22, 2023, ECF No. 78, even though Judge Dukes had been dismissed as a defendant in this case on February 9, 2023, ECF Nos. 51; 52. Judge Dukes is a judge in Beaufort County who purportedly "allowed fraudulent documents to pass through his courtroom" and permitted Deutsche Bank "to reform the legal description of the alleged Mortgage without evidence of a valid interest in the loan." Compl. ¶¶ 38, 55. Kubic is or was the Beaufort County Administrator, and Butts is or was the Beaufort County Register of Deeds at all times relevant to the allegations within Grant's complaint.

(6) On January 26, 2023, the Brock & Scott Defendants filed their motion to dismiss for failure to state a claim. ECF No. 37. Grant responded in opposition on April 7, 2023, ECF No. 61, to which the Brock & Scott Defendants replied on April 28, 2023, ECF No. 73. The Brock & Scott Defendants are engaged in the practice of law and represented Grant in some of the underlying state court proceedings.

(7) On January 26, 2023, the Callison Tighe Defendants filed their motion to dismiss the case as frivolous. ECF No. 43. Grant responded in opposition to on April 12, 2023, ECF No. 79, to which the Callison Tighe Defendants replied on April 18, 2023, ECF No. 71. The Callison Tighe Defendants are engaged in the practice of law and is a law firm that represented Deutsche Bank on or around June 2016.

(8) Finally, on January 30, 2023, Fidelity filed its motion to dismiss. ECF No. 47. On May 22, 2023, Grant filed a response in opposition, ECF No. 76, to which Fidelity replied on May 30, 2023, ECF No. 89. Fidelity hired defendant Donald R. Cook to conduct a survey of Grant's Property.

  On July 31, 2023, Magistrate Judge West issued the R&R which recommended that the court abstain from exercising jurisdiction in this case and dismiss this action in its entirety. ECF No. 93, R&R. Alternatively, the R&R recommended granting the motions to dismiss filed by the Cook Defendants, the Finkel Law Firm Defendants, the Sloan Law Firm Defendants, the MERS Defendants and Deutsche Bank Defendants, Kubic, Butts, the Brock & Scott Defendants, the Callision Tighe Defendants, and Fidelity. ECF Nos. 21, 25, 28, 31, 34, 36, 37, 43, 47. The R&R also recommended denying Kubic, Judge

8

Dukes, and Butts's motion to dismiss as moot, ECF No. 33, and denying Judge Dukes's motion to dismiss as moot, ECF No. 35. On August 17, 2023, Grant objected to the report and recommendation.[12] ECF No. 95. On August 29, 2023, the Sloan Law Firm Defendants replied to Grant's objections, ECF No. 98. On August 30, 3023, the Cook Defendants replied to Grant's objections, ECF No. 101. On August 31, the Callison Tighe Defendants replied to Grant's objections, ECF No. 102, as did Butts and Kubic, ECF No. 103. As such, the motions have been fully briefed and are ripe for review.

## II.  STANDARD

### A. Order on R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. Id.

---

[12] Grant filed a seventy-eight-page objection brief and she did not file a motion to exceed the page limit. See ECF No. 95; Local Civ. Rule 7.05(B) (D.S.C.). Although Grant is proceeding pro se, she is not excused from the court's procedural rules. The court cautions Grant against the practice in the future.

However, in the absence of a timely filed, specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted). Furthermore, "[a] party's general objections are not sufficient to challenge a magistrate judge's findings." Greene v. Quest Diagnostics Clinical Lab'ys, Inc., 455 F. Supp. 2d 483, 488 (D.S.C. 2006) (citation omitted). When a party's objections are directed to strictly legal issues "and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citation omitted). Analogously, de novo review is unnecessary when a party makes general and conclusory objections without directing the court's attention to a specific error in a magistrate judge's proposed findings. Id.

### B. Pro Se Litigants

Grant is proceeding pro se in this case. Pro se complaints and petitions should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, 439 U.S. 970, 99 (1978). A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### C. Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588

F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) ... does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Lab'ys, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Lab'ys, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III.   DISCUSSION

Prior to delving into the merits of the complaint and pending motions to dismiss, the R&R noted that "it is difficult to ascertain which claims are asserted against which Defendants, as [Grant] often summarily references 'all Defendants' in the causes of action, though she does not specify the conduct to which she is referring or how a particular Defendant may be liable." R&R at 8.  The magistrate judge also took judicial notice of the documents filed in the five other lawsuits which have arisen out of these facts.[13] Id. at 8–9.  Finally, as an initial matter, the magistrate judge also noted that "[Grant] devotes little time to responding to the substance of any of the arguments provided by Defendants and instead reiterates stock, generalized arguments that she repeats without specificity in each Response." Id. at 9.

The R&R recommended that the court grant the motions to dismiss and abstain from the lawsuit under three separate abstention doctrines: (1) Rooker-Feldman

---

[13] The court notes the five referenced cases:

(1) Deutsche Bank National Trust Company ex rel. NovaStar Mortgage Funding Trust, Series 2006-5 v. Grant, Case No. 2009-CP-07-05612 (Beaufort Cnty. Ct. C.P. 2009);

(2) Deutsche Bank National Trust Company ex rel. NovaStar Mortgage Funding Trust, Series 2006-5 v. Grant, Case No. 2010-CP-07-01690 (Beaufort Cnty. Ct. C.P. 2010);

(3) Grant v. Dukes, Case No. 1:14-cv-01091-JDB (D.D.C. July 1, 2014) (dismissed sua sponte for lack of subject matter jurisdiction)

(4) Grant v. Master in Equity, Case No. 2014-CP-07-01769 (Beaufort Cnty. Ct. C.P. 2014)

(5) Deutsche Bank National Trust Company ex rel. NovaStar Mortgage Funding Trust v. Grant, Case No. 2016-CP-07-01466 (Beaufort Cnty. Ct. C.P. 2016) (the "Pending State Foreclosure Action").

abstention;[14] (2) Younger abstention;[15] and (3) Colorado River abstention.[16] R&R at 14–17. The magistrate judge further recommended that if the court does not abstain, it should nevertheless find certain claims brought against defendants barred by the applicable statute of limitations.[17] Id. at 18–24. Similarly, the magistrate judge recommended that the court find that Grant has failed to plausibly state a claim for relief for many of her claims, even if the claims were not time-barred.[18] Id. Further, the R&R

---

[14] The Rooker-Feldman doctrine arose from the Supreme Court's rulings in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). It provides that federal courts may abstain from cases brought by state-court losers who complain of injuries caused by state-court judgments rendered before the federal proceeding commenced and who invite the federal court to review and reject those state-court rendered judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283–84 (2005).

[15] Younger v. Harris, 401 U.S. 37 (1971), and its progeny established a strong policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances. See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982).

[16] The Supreme Court established that a federal district court may abstain from an action in favor of a duplicative and pending state court proceeding governing the same dispute. Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

[17] Specifically, the R&R notes that claims brought pursuant to RICO, FDCPA, TILA, and RESPA are subject to statutes of limitations. R&R at 18–24. First, private RICO actions are governed by a four-year statute of limitations, which runs from the date when the plaintiff discovered, or should have discovered, his or her injury. Id. at 18 (citing Potomac Elec. Power Co. v. Elec. Motor & Supply, Inc., 262 F.3d 260, 266 (4th Cir. 2001)). Thus, Grant's claims against several defendants are barred because the alleged conduct giving rise to the RICO claim occurred more than four years prior to the filing of this lawsuit. Id. at 18–19. In brief, the magistrate judge recommended dismissing the RICO claims against the Finkel Defendants, the Sloan Defendants, the MERS Defendants, the Deutsche Bank Defendants, and the Callison Tighe Defendants as time-barred. Id. at 18–21. The FDCPA and TILA generally have a one-year statute of limitations, and the RESPA has a three-year statute of limitations, meaning that Grant's claims against the Finkel Defendants, the Sloan Defendants, the MERS Defendants, the Deutsche Bank Defendants, and the Callison Tighe Defendants brought pursuant to those statutes are similarly time-barred. Id. at 18–24.

[18] The R&R recommended that the court find that Grant has failed to meet the heightened pleading standard required for a mail fraud or wire fraud allegation to serve as predicate acts for a civil RICO claim. R&R at 18 (citing Mitchell Tracey v. First Am. Title Ins. Co., 935 F. Supp. 2d 826, 844 (D. Md. 2013)). The magistrate judge

13

recommended that the court find that res judicata, as determined by South Carolina law, bars claims from being raised for the first time now against defendants that were involved in the series of lawsuits filed between Grant and the Deutsche Bank Defendants relating to this dispute. Id. at 25–27. Analogously, the magistrate judge recommended that the court find that Grant's claims against the MERS Defendants and the Deutsche Bank Defendants—with the exception of Grant's claim for legal malpractice—are barred because of Grant's failure to bring those claims as compulsory counterclaims pursuant to S.C. R. Civ. P. 13(a) in the numerous state foreclosure proceedings which arose out of the same facts. Id.

Grant objects to the R&R. ECF No. 95. She requests that the court "abstain from jurisdiction without ruling on Defendant(s) [m]otions to [d]ismiss for failure to state a claim." Id. at 1. In her lengthy brief, Grant primarily summarizes her understanding of the history and current state of the United States' housing market, including lenders' purportedly fraudulent practices in granting mortgages across that market. See generally id. at 2–45. As far as the court can tell, Grant directly addresses the R&R in only two places in her brief: (1) in her request that the court abstain rather than reach the motions to dismiss for failure to state a claim, id. at 1, and (2) in her summary of the causes of

---

recommended that the court find that Grant has not stated with particularity the elements of a mail fraud claim—(1) a scheme disclosing an intent to defraud, and (2) the use of mail in furtherance of that scheme, Chisolm v. TranSouth Fin. Corp., 95 F.3d 331, 336 (4th Cir. 1996)—such that Grant has failed to plausibly state a claim for relief under RICO against the Sloan Defendants, the Brock & Scott Defendants, Cook, Kubic, Butts, and Fidelity. R&R at 19–21. Additionally, the R&R noted that it is well established that 15 U.S.C. § 45 provides for no private federal claim, and similarly, 18 U.S.C. § 1001 is a criminal statute that provides for no private cause of action such that Grant has failed to state a claim for relief under either statute. Id. at 24.

action that she provided in response to the R&R's observation that Grant has not identified either the conduct or defendant who is implicated by each claim, id. at 46–77.

Several defendants replied to Grant's objections. See ECF Nos. 98, 101, 102, 103. The consensus is that her objections "restate and rehash the same false allegations and faulty legal argument that was set forth in [her] complaint and in her response to the motions to dismiss." See, e.g., ECF No. 102 at 3. Alternatively, the parties contend that Grant fails to articulate, with specifics, how a particular defendant violated the federal statutes or state law at issue. See, e.g., ECF Nos. 98 at 2 (explaining that Grant failed to file the supporting affidavit required by South Carolina law to maintain a legal malpractice claim against the Sloan Law Defendants); 101 at 3 (emphasizing that Grant failed to mention or provide any facts which support the alleged trespass and alleged invasion of privacy that she claimed against the Cook Defendants); 103 at 2 (arguing that Grant failed to specifically articulate how Butts and Kubic violated the ministerial duties of their respective offices).

The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano, 687 F.2d at 47. Neither party objects to the R&R's recommendation that the court abstain from the lawsuit under the Rooker-Feldman doctrine, Younger abstention, or Colorado River abstention. See R&R at 14–17. Similarly, neither party objects to the R&R's recommendation that the court find certain claims barred by the statute of limitations, see id. at 18–24, nor do they object to the magistrate judge's conclusion that some claims are barred by res judicata. See id. at 25–27. In the absence of a timely filed, specific objection, the court reviews

the R&R only for clear error. Diamond, 416 F.3d at 315. A review of the record for clear error indicates that the R&R accurately summarized this case and the applicable law. Accordingly, the court adopts the magistrate judge's R&R and abstains from the case.

However, even if the court were to reach Grant's objection regarding failure to state a claim, and even if the court were to find that objection is specific—which the court does not—a de novo review would result in the court reaching the same conclusion. See ECF No. 95 at 47.

Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 8(d), "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A "shotgun pleading" is one that "fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading" or one in which "it is virtually impossible to know which allegations of fact are intended to support which claims for relief." SunTrust Mortg., Inc. v. First Residential Mortg. Servs. Corp., 2012 WL 7062086, at *7 (E.D. Va. Sept. 11, 2012), report and recommendation adopted, 2013 WL 505828 (E.D. Va. Feb. 8, 2013). "Not only do pleadings of this sort fail to apprise the opposing party of the particular claims against it (and the potential extent of its liability), they also water down the rights of parties to have valid claims litigated efficiently and waste scarce judicial resources." Jackson v. Warning, 2016 WL 7228866, at *4 (D. Md. Dec. 13, 2016) (quotation marks, citations, and alterations omitted); see also Salami v. JPMorgan Chase Bank, N.A., 2019 WL 2526467, at *3 n.6 (M.D.N.C. June 19, 2019) ("Courts disfavor [shotgun pleadings] because their sloppiness selfishly wastes judicial resources,

making it harder for other plaintiffs with clearly stated claims to present their grievances to a court."). "Although pro se filings are generally afforded charitable construction, they are not absolved from the requirements of Rule 8," and "[p]ro se Complaints marred by shotgun pleading, which renders impossible any attempt to decipher which allegations of fact are intended to support which claims for relief warrant dismissal." McCrea v. Wells Fargo, 2019 WL 2513770, at *7 (D. Md. June 17, 2019) (internal quotation marks omitted), aff'd, 852 F. App'x 112 (4th Cir. 2021).

Grant filed a forty-seven-page complaint, which included 115 paragraphs and approximately ten causes of action. Compl. ¶¶ 1–115. As the R&R noted, "[i]t is difficult to ascertain which claims are asserted against which Defendants, as [Grant] often summarily references 'all Defendants' in the causes of action, though she does not specify the conduct to which she is referring or how a particular Defendant may be liable." R&R at 8. Both the MERS Defendants and Deutsche Bank Defendants argue in their motion to dismiss that Grant's complaint is an "impermissible shotgun pleading," ECF No. 31 at 12–13, and the R&R agreed with them in a footnote, R&R at 9 n.4. The court finds that Grant's complaint is an impermissible shotgun pleading. Although this court recognizes that Grant is proceeding pro se, even if the court had not abstained, it nevertheless would find that her complaint must be dismissed in its entirety because of its complete failure to adhere to federal pleading standards. The R&R and several of the defendants' motions to dismiss addressed almost all the individual claims and explained why the factual allegations of the complaint fail to support them. See, e.g., R&R at 12–

28. This court needs not duplicate those efforts as any attempt to unravel Grant's claims amounts to guesswork.[19]

## IV.  CONCLUSION

For the foregoing reasons the court **ADOPTS** the R&R, **ABSTAINS** from the case, and **DISMISSES** the action with prejudice.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**September 28, 2023**

**Charleston, South Carolina**

---

[19] The court notes that some defendants have included requests for sanctions pursuant to 28 U.S.C. § 1927, or alternatively have requested that the court enjoin future suits by Grant against those defendants. See ECF Nos. 25-1 at 14–15; 43 at 14. Other defendants request that costs be awarded with prejudice. See, e.g., ECF No. 98 at 4. The court does not address those requests in the instant motion.